PEOPLE, PLAINTIFF AND APPELLEE, *v.* SOTO, DEFENDANT (LEGUILLOU ET AL., SURETIES AND APPELLANTS).

APPEAL from the District Court of Humacao in an Action for Forfeiture of Bail.

No. 1071.—Decided July 28, 1916.

FORFEITURE OF BAIL—FAILURE TO APPEAR—DISCRETION OF COURT.—When a defendant fails to appear and the court, after hearing the sureties, orders the forfeiture of his bail, the ruling will be affirmed unless it be shown that the court abused its discretionary power.

The facts are stated in the opinion.

The appellants did not appear.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Bonifacio Soto was charged in the District Court of Humacao with the crime of seduction. A day was set for the arraignment and Soto, who was at liberty on bail, failed to appear. Thereupon the sureties were summoned and having failed, in the opinion of the court, to show sufficient cause to justify the default of the defendant, it was ordered that the bail be considered forfeited. They moved for a recon-

sideration, the court overruled the motion and they appealed to this court.

Included in the transcript of the record is a statement of the case from which it appears that the reason given by the sureties for the defendant's failure to appear was that he was sick. The sureties testified at the hearing to which they had been summoned, but it appears that the court gave their testimony no credence. The fact that the defendant failed to appear is manifest, and as the appellants have not shown that the court abused its discretional power in attaching no weight to their testimony, the judgment appealed from should be affirmed.

The sureties exhibited with their motion for reconsideration a physician's certificate stating that the defendant was sick on the date on which he was summoned to appear before the court. They claimed that the said certificate was presented to the municipal judge of Vieques at the proper time, but that "due to the conditions existing at that place he did not deliver it to the sureties or send it to the district court in time." The court also refused to accept this excuse as sufficient and overruled the motion for reconsideration.

The same reasons already stated are applicable here. We cannot substitute our opinion for that of the trial judge. He heard the testimony of the appellants and was in a better position than we are to decide as to the credibility which should be given to their testimony. The physician's certificate which accompanied the motion for reconsideration should have been submitted at the first opportunity given the sureties. In the circumstances, moreover, the district judge was not bound to accept as true the facts therein certified to.

In view of the foregoing and of the jurisprudence of this court laid down in the cases of *Rivera et al.* v. *Tous Soto, District Judge,* 11 P. R. R. 93; *The People* v. *Cruz et al.,* 12 P. R. R. 70; and *The People* v. *Díaz et al.,* 12 P. R. R.

122, the appeal should be dismissed and the judgment appealed from

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.